IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CRESTELLA SEDILLO ELLIS**,

    Plaintiff,

vs.                                         No. CIV 01-953 LH / LFG

**GROUPAMERICA, A CONNECTICUT
MUTUAL COMPANY, HIGHMARK
LIFE & CASUALTY GROUP, NATLSCO,
INC., AND ROSS STORES, INC.**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Costs and Attorney Fees (Docket No. 45), filed May 7, 2002. The Court, having considered the pleadings submitted by the parties and otherwise being fully advised, finds that the motion is not well-taken and shall be **denied**.

## PROCEDURAL HISTORY

This is a lawsuit about an employee's entitlement to continued payments under a disability insurance plan she purchased in connection with her employer. Plaintiff filed the action in New Mexico district court, and Defendant NATLSCO, Inc. removed to federal court. Plaintiff moved to remand and, in that motion, requested attorney fees and costs in connection with the remand. All of the defendants then joined to move for partial summary judgment, and Plaintiff filed her own motion for summary judgment, to resolve the issue of ERISA preemption. Without addressing the ERISA issue, this Court remanded the case to state court, determining that NATLSCO's notice of removal was untimely under the "first-served defendant" rule. (Memorandum Opinion and Order (Docket No. 44), filed April 22,

2002). Having prevailed on the motion to remand, Plaintiff now renews her motion for costs and attorney fees related to the removal, and includes the expenses incurred relating to the two motions for summary judgment.

## JURISDICTION

As a threshold matter, Defendant NATLSCO has argued that this Court relinquished all jurisdiction when it remanded the case to state court. However, it is well-settled that federal courts retain subject matter jurisdiction over matters that are collateral to the merits of a remanded case. *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992). The award of attorney fees and costs for improper removal is such a collateral issue; therefore, this Court has jurisdiction in this matter. *Stallworth v. Greater Cleveland Reg. Transit Auth.*, 105 F.3d 252, 255 (6th Cir. 1997). Moreover, this Court is not required to decide the issue of attorney fees and costs at the time of remand; it may convey its decision in a separate order. *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 365 (7th Cir. 2000); *Stallworth* at 255-256. Therefore, this Court has jurisdiction to consider Plaintiff's motion for attorney fees and costs.

## DISCUSSION

Pursuant to 28 U.S.C. §1447(c), this Court may, in its discretion, award attorney fees and costs incurred as the result of an improper removal. Although the 1988 amendments to §1447(c) eliminated the requirements of bad faith or an "improvident" removal, the issue of propriety is still central in any determination of whether an award of attorney fees is appropriate. *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994). *Daleske* indicates that a defendant need only show that it had a "legitimate basis" to believe that removal was proper. *Id.* at 325. Additionally, the Tenth Circuit has ruled that a removal must be "improper *ab initio*" in order to warrant an award of costs and fees. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). In *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d

2

290, 293 (5th Cir. 2000), the Fifth Circuit decided that an award of attorney fees was not proper when the defendant had "objectively reasonable grounds" to support the removal. Notably, the Tenth Circuit, as well as district courts in other circuits, has held that an award for attorney fees is inappropriate in cases where removal is based on a complex or unsettled area of the law. *Daleske* at 324; *see also In re Pfohl Bros. Landfill Litigation*, 67 F.Supp.2d 177, 184 (D.C.N.Y. 1999)*; Newton v. Tavani*, 962 F.Supp. 45, 48 (D.N.J. 1997)*; Clegg v. Powers*, 1997 WL 672641 at *6 (W.D. Va. Oct. 22, 1997).

This case was remanded for untimeliness under the first-served defendant rule. Nevertheless, the Court must return to evaluate all of NATLSCO's grounds for removal to determine whether they were objectively reasonable, *ab initio*, as to both timeliness and the underlying substantive bases.

**The First-Served Defendant Rule**

A notice of removal must be filed within thirty days after a defendant receives a copy of the complaint. 28 U.S.C. §1446(b). Additionally, in a multiple defendant lawsuit, all defendants must consent to removal under the so-called "unanimity rule." *Chicago, R.I., & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900). When multiple defendants are served on different dates, a question arises as to the tolling of the period for filing a notice of removal. Under the "first-served defendant" rule, the thirty-day removal period commences when the first of multiple defendants is properly served. If the first-served defendant fails to remove within that thirty-day period, removal is precluded as to all defendants. The rationale is that once the first-served defendant's thirty-day period runs, it may not later join in a removal action initiated by other, later-served defendants, and unanimity is destroyed. This is precisely what transpired in the present case, the details of which are outlined in this Court's Memorandum Opinion and Order filed on April 22, 2002.

The first-served defendant rule is not applied by all courts. The Court acknowledges that the current trend is *away* from the first-served defendant rule, though the matter remains unsettled in the Tenth Circuit.[1] NATLSCO filed its Notice of Removal, presumably operating under the assumption that the first-served defendant rule would not apply, and later argued in its opposition to remand that the first-served defendant rule has fallen into disfavor and should no longer be used after *Murphy Bros., Inc. v. Michetti Pipe Stringing Co.*, 526 U.S. 344 (1999). While respected resources suggest that *Murphy Bros.* may be the death knell of the first-served defendant rule, *e.g.*, 16 Moore's Federal Practice §107.30[3][a][iv][C], the Court notes that *Murphy Bros.* was not a multiple-defendant case and did not expressly undertake to apply its reasoning to multiple-defendant cases.

This Court has consistently applied the first-served defendant rule; nevertheless, the area of law remains unresolved in this and other circuits, and NATLSCO's belief that a different rule may now apply was not objectively unreasonable.

**Date of Formal Service**

While the first-served defendant rule fully resolved the remand issue, the Court must still examine for reasonableness the other bases for removal put forth by NATLSCO. Besides the applicability of the first-served defendant rule, the parties disagreed about whether NATLSCO removed within its own thirty-day removal period.

---

[1] *Compare Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988); *Wakefield v. Olcott*, 983 F. Supp. 1018 (D. Kan. 1997); *Sugg v. Albuquerque Public Schools*, No. 95-1184 (D.N.M. Jan. 26, 1996); *Ramsey v. CSG Security Svc.*, No. 95-0888 (D.N.M. Nov. 8, 1995)(all electing to use the first-served defendant rule) *with McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992); *Bradfield v. City of Memphis*, 24 Fed. Appx. 307 (6th Cir. 2001); *Marano Enterprises of Kansas v. Z-Teca Restaurants*, L.P., 254 F.3d 753 (8th Cir. 2001); *Ford v. New United Motors, Mfg., Inc.*, 857 F. Supp. 707, 709 (N.D. Cal. 1994)(all declining to apply the first-served defendant rule).

In accordance with New Mexico Rule 1-004(e) ("service by mail"), Plaintiff mailed a copy of the complaint to NATLSCO, but NATLSCO did not return the waiver of formal process. Plaintiff did nothing more to formally serve NATLSCO; nevertheless, NATLSCO voluntarily answered the complaint some months later, waiving any objection to deficiencies in service of process under Rule 1-012(H)(1) NMRA. NATLSCO contended that its notice of removal was timely because it filed the notice of removal within thirty days of its constructive waiver of proper service of process. Plaintiff argued that the time line for removal began on the date NATLSCO received the complaint by mail.

Section 1446(b) requires a defendant to file a notice of removal within thirty days after receipt "through service or otherwise" of a summons and copy of the complaint. 28 U.S.C. §1446(b). *Murphy Bros. Inc. v. Michetti Pipe Stringing Co.* interpreted the language of the "service or otherwise" provision and addressed the problem of identifying the date of completion of "formal process" when the service requirements under states' laws vary. 526 U.S. 344 (1999). The *Murphy Bros.* decision "assures defendants adequate time to decide whether to remove an action to federal court" by emphasizing their entitlement to a thirty-day time period and, in some cases, allowing for an even longer period where state law does not require the summons and complaint to be served simultaneously. *Id.* at 354.

The Court notes that *Murphy Bros.* only described situations involving the "formal process" approved by a particular state's rules of civil procedure, without establishing how to determine when service is accomplished under an alternative method that is also authorized by state rules, such as occurred here. *Cf. Diehl v. Morrison*, 590 F.Supp 1190 (M.D. Penn. 1984) (denying plaintiff's motion to remand because the mailed complaint was returned to plaintiff unclaimed and indicating that a complaint mailed according to local rule and *refused* by a defendant might be sufficient notice to start the notice clock). *But see* 16 Moore's Federal Practice §107.30[3][a][iii] ("It is...questionable after *Murphy*

5

*Brothers* whether *otherwise* includes attempted service by mail under a state counterpart of federal Rule 4 that is ineffective because the recipient refuses to sign and return the acknowledgment.") (emphasis in original).

Under New Mexico Rule 1-004(e), if a defendant fails to waive formal process, he must bear the costs of formal service. The cost penalty exists, presumably, to dissuade defendants from exercising their right to refuse to waive formal service as a delay tactic. The very option to refuse waiver upon actual receipt of the summons and complaint, however, suggests that service by mail, without the returned waiver, is insufficient to complete formal service under New Mexico law. No New Mexico case has directly addressed the issue, nor has the Tenth Circuit in the context of the timing for removal. Given the unsettled status of the law, NATLSCO's belief that its removal period had not begun to run until it submitted to the jurisdiction of the New Mexico courts was not unreasonable.

In sum, because both the first-served defendant rule, as well as the timing of removal when service by mail is used, are unresolved in this circuit, NATLSCO was not unreasonable in its belief that removal was timely. An award of attorney fees based on the untimely nature of NATLSCO's removal is therefore unwarranted.

**Removal Based on Diversity Jurisdiction**

Because this case was remanded on the basis of NATLSCO's lack of timeliness, this Court did not evaluate the propriety of the substantive bases for it's removal. However, a cursory investigation into those bases is now appropriate to determine whether NATLSCO had a "legitimate basis" or "objectively reasonable grounds" for initiating the removal *ab initio*.

NATLSCO sought removal based first on diversity jurisdiction under 28 U.S.C. §1332. The complaint was originally filed against four defendants, each of which is a foreign corporation. It is

6

apparent, then, that there is complete diversity of citizenship among the parties. The amount in controversy, however, is not apparent.

The United States District Courts have subject matter jurisdiction based on diversity only in cases where the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. §1332(a). In the Tenth Circuit, if the amount in controversy is not alleged in the original complaint, the removing defendant must allege sufficient facts to demonstrate by a preponderance of the evidence that the jurisdictional amount will be satisfied in the Notice of Removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). In compliance with New Mexico Rule 1-010(B), Plaintiff's complaint does not allege an amount in controversy. With respect to stating an amount in controversy, then, NATLSCO's Notice of Removal is significantly deficient, since it states only that "the grounds for removal are that none of the parties in interest properly joined and served as defendants is a citizen of New Mexico". (Deft's Notice of Removal, ¶2). As there is no reference to an amount in controversy whatsoever, NATLSCO's removal based on diversity is glaringly empty of substance under the *Martin* and *Laughlin* standard. As a result, this Court must conclude that NATLSCO's removal on the basis of diversity was improper *ab initio*.

**Removal Based on Federal Question Jurisdiction**

NATLSCO also sought removal based on federal question jurisdiction under 28 U.S.C. §1331. NATLSCO alleges that Plaintiff's lawsuit implicates a federal question arising under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq*. ERISA preempts state laws that "relate to any employee benefit plan," and thereby brings such cases under the jurisdiction of the federal courts. 29 U.S.C. §1144(a); *see also Straub v. Western Union Telegraph Co.*, 851 F.2d 1262, 1264 (10th Cir. 1988). The subject of this suit is a disability policy that is in some way connected to her

employer. The Court is cognizant that its jurisdiction is limited to deciding the attorney fees and costs issue, and consequently declines to undertake an analysis of ERISA preemption under the particular facts of this case. However, case law suggests that NATLSCO did not errantly or frivolously assert its removal based on its tender of the applicability of ERISA.[2] Expressly without deciding whether ERISA applies to the policy at issue or preempts state law in this case, the Court finds that NATLSCO's removal based on ERISA preemption was not so far afield as to render the removal objectively unreasonable and warrant the award of attorney fees.

## CONCLUSION

Notwithstanding its ruling to remand this case, the Court finds that Defendant NATLSCO's attempted removal was largely grounded in legitimate bases and was not improper *ab initio*. Therefore, attorney fees and costs shall not be granted for improper removal. Since Defendant NATLSCO's improper removal does not warrant attorney fees or costs, no award shall be granted for expenses related to the two summary judgment motions..

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Costs and Attorney Fees for improper removal is hereby **denied in its entirety.**

**UNITED STATES DISTRICT JUDGE**

---

[2] Notably, the Supreme Court has held that ERISA-based actions are removable even if the plaintiff's complaint makes no mention of ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). In *Pilot Life*, the plaintiff brought suit for failure to provide insurance benefits, alleging breach of contract and breach of fiduciary duty under state law, but brought no action under ERISA. Nevertheless, the Court determined that it involved an ERISA issue, and was therefore removable on grounds of federal question jurisdiction.